BOUTALL, Judge.
Plaintiffs appeal from a judgment of the trial court granting defendant Stuart E. Cook’s Motion for Summary Judgment in this suit for redhibition arising out of the sale of real property. We reverse and remand on finding that defendant appellee was not entitled to summary judgment as a matter of law, and that the defendant’s appearance as vendor in the Act of Sale, which contained full warranties, raised a material issue of fact when considered with an earlier Act of Sale which defendant submitted in support of his motion for summary judgment.
Plaintiffs-appellants Mr. and Mrs. Wede-kind purchased a house and four lots from the defendants, Lillian L.S. Cook, her son Stuart Cook, and her daughter Leola Cook Prunty. The suit in redhibition alleges that the house has termites, defective wiring and sewer hook-ups, in addition to flooding when it rains and suffering from a variety of other problems which were allegedly not made known to the purchasers.
The Act of Sale was passed on June 9, 1978. In the act Stuart Cook, along with the other two defendants, appears as a vendor. All three defendants were represented in the sale by the same attorney acting as their agent.
Suit was filed by plaintiffs on June 1, 1979. After answering, defendant Stuart Cook filed a motion for summary judgment. Accompanying the motion was an affidavit stating that at the time of the sale on June 9, 1978, he had no interest in the property in question. He further swore that on October 23, 1958 he had executed an Act of Sale of the property in favor of his mother. A copy of the prior Act of Sale was attached to the affidavit. Additionally, the affidavit goes on to state that defendant-appellee signed a Power of Attorney on May 31, 1978 appointing Gloria Menge as his agent and attorney solely for the purpose of insuring title to the property.
Plaintiffs-appellants did not traverse defendant’s affidavit as provided for by La.C. C.P. Art. 967. Rather they filed a motion in opposition to summary judgment, arguing the well-established principle of law that parol evidence will not be admitted to vary the terms of an authentic act.
The trial judge granted defendant Stuart Cook’s motion for summary judgment and the plaintiffs have appealed.
Appellants contend on appeal that the trial court erred in granting the summary judgment based on parol evidence by way of affidavit which had the effect of varying the terms of the 1978 act of sale. Appellee, on the other hand argues that appellants’ failure to traverse the affidavit submitted in support of summary judgment resulted in summary judgment being correctly granted on uncontradicted facts as provided for in La.C.C.P. Art. 967.
We do not reach either of these issues, because we hold that the document submitted in support of summary judgment, namely the 1958 Act of Sale, raised a material issue of fact when considered in conjunction with the 1978 Act of Sale, and additionally that summary judgment as provided for under La.C.C.P. Art. 966 was inappropriate as a matter of law under the facts of this case.
Article 966 provides in pertinent part as follows:
[[Image here]]
*1324 “The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The ■judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In our view, when the two acts of sale are considered together, an obvious question of fact is raised as to who held title to the property in question at the time of the 1978 sale. Furthermore, with or without inclusion of the affidavit mentioned above, there are overriding rules of law on the rights as between vendors and vendees which defeat the defendant-appellee’s entitlement to summary judgment in the instant case.
Louisiana Civil Code Articles 2475 and 2476 set forth the general warranties by which a seller is bound:
“Art. 2475. Seller’s obligations of delivery and warranty.
The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells. “Art. 2476. Warranty against eviction and against latent defects.
The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices.”
There is recent jurisprudence construing these articles to the effect that when a vendor appears in an act of sale affording full warranties, he is unequivocally bound by those warranties. See Roth v. B & L Enterprises, 420 So.2d 1094 (La.1982). The Roth case involved a sale of real property wherein the notary chosen by the buyer to handle the sale absconded with the purchase money instead of paying off liens on the property; liens of which seller had knowledge and buyer did not. The Court held that by virtue of codal warranties, particularly the Art. 2501 warranty against eviction or hidden encumbrances, the seller was liable.
The court in Roth, supra, in its discussion of codal warranties, used broad language which we think applies to the instant case.
“The vendor, in a sale made with express full warranties, warrants his vendee against any undeclared and nonapparent mortgages, privileges, or other charges that burden the property at the time of sale. [Citations omitted]. A vendor can only be relieved of his obligation by a stipulation to the contrary in the act of sale... . C.C. 2475 obligates a seller to deliver and to warrant the object that he sells. Here the act of sale recited that the sale was made with full warranties .... The buyer is entitled, as between himself and his seller, to rely upon the deed as written.” [Citation omitted].
Ibid at 1098. Though we are not here dealing with a warranty against encumbrances, the holding in Roth, supra, bears on the case now before us. The Act of Sale wherein appellee Stuart Cook appeared as vendor contained in pertinent part the following language:
“[Vendor], who declared that he does by these presents, sell, convey, and deliver, with full guaranty of title....
[[Image here]]
By reference to the certificates of the Register of Conveyances and Recorder of Mortgages in and for the Parish of Jefferson, annexed hereto, it does not appear that said property has been heretofore alienated by the vendors or that it is subject to any encumbrance whatever.” Further the act of sale here contains no
language limiting the seller’s warranties provided by the Civil Code.
We think that the warranty provided by La.C.C. Art. 2475 encompasses the buyer’s right to rely on the fact that a vendor appearing in an act of sale is indeed a vendor and as such is bound by the codal obligations of warranty quoted above. Therefore, as between vendor and purchaser, other evidence that may alter the terms or content of the warranty granted in the *1325 original act of sale creates a question of fact that should be resolved at trial. We need not decide here whether such evidence may be admissible on trial or which party may prevail.
Additionally we point out that the present act of sale contains a “complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed.” It is undisputed that Stuart Cook is at least a former proprietor and may be subject to this action as such.
For the foregoing reasons the judgment appealed from is reversed, the motion for summary judgment of defendant-appellee Stuart Cook is dismissed, and the case is remanded for further proceedings as may be appropriate. Costs of this appeal to be assessed on final decision.
REVERSED.